Broussard vs. LeBlanc, Sheriff, et als.

No. 1401.

M. O. BROUSSARD VS. A. L. LEBLANC, SHERIFF, ET ALS.

Where the plaintiff's petition substantially alleges that an act is a pignorative contract executed by a married woman in favor of a creditor of her husband, and the sole consideration of which is alleged to be a *security* for its payment, a cause of action for its amendment is stated, and an exception of no cause of action can not be maintained.

A PPEAL from the Twenty-fifth District Court, Parish of Vermilion, Mouton J.

*Lewis L. Bourges* for Plaintiff and Appellant

Broussard vs. LeBlanc, Sheriff, et als.

## ON THE EXCEPTION OF NO CAUSE OF ACTION.

1. For the purposes of trial of the exception of no cause of action, the allegations of the petition are taken as true. 39 An. 660; 30 An. 1148; 31 An. 339.

2. The object or purposes of a suit, or the subject matter in dispute, should be determined, not by the prayer alone, but from the body of the petition in conjunction with the prayer. 37 An. 628; 38 An. 912; 3 An. 268; 10 An. 719.

3. An allegation that "for the sole and only purpose of securing his personal debt to vendee, petitioner's husband caused her to sign a document, which she afterward discovered to be a sale," is a cause of action. R. C. C. 2398; 33 An. 1009; 34 An. 635; 42 An 950.

4. An allegation that "petitioner's husband caused her to sign a document, that she signed it through ignorance of its contents, and of her rights in the premises," is a cause of action. R. C. C. 1797, 1819; 33 An. 1194.

5. An allegation that "petitioner never received a cent for, or on account of, said sale," and that "it is a simulated and fraudulent sale," is a cause of action. 36 An. 284; 31 An. 672; 36 An. 199.

6. The petition herein filed alleges (Trans. page 2, line 29, and page 3), that in November, 1872, her husband, Demosthenes Nunez, being personally indebted to Joe S. Nunez, of this parish and State, to the amount of eight hundred dollars, and for the sole purpose of securing this debt of his, caused her to sign a document of whose contents she was ignorant at the time; that she now finds this document pretends to be sale of the above described land to J. S. Nunez; that she never received a cent from J. S. Nunez for, or on account of, said pretended sale; that she signed it through ignorance of its contents and of her rights in the premises; that said sale is fraudulent, simulated and void, etc. That is to say, that the sale is null for four causes of action, to-wit: Violation of Art. 2398, R. C. C.; Error, Simulation, and Fraud. It therefore alleges a cause of action. 33 An. 1009; 34 An. 635; 42 An. 950; R. C. C. 1797, 1819.

## ON THE PLEA OF ESTOPPEL.

1. A married woman is not estopped by her declarations in an act from denying its validity. 33 An. 1009; 34 An. 635; 30 An. 1024; 34 An. 1065; 39 An. 600.

2. The fact that a sale is signed by a married woman, in payment of which a note, signed by her husband and herself, apparently, is given, is sufficient to set a would be purchaser on his guard. 29 An. 124.

3. A security can not plead what his subrogor could not plead against the debtor; and as the State in this case can not plead that it is an innocent third party, the security can not plead it. 36 An. 781.

4. The fact of defendant, Joe S. Nunez, being the apparent owner of the tract in dispute, did not influence the State, nor cause it to give credit to the tax collector, Joe S. Nunez. Therefore, the above plea of defendants, that they are innocent third parties, if maintained, would be unjustifiable and iniquitous. It must fall.

## RATIFICATION

1. A married woman who, during marriage, has signed a mortgage on her separate property in favor of a third party, the money received for which is given to her husband and used by him for his own use, nevertheless has the right to sue to annul a fraudulent sale of her property, and can not be said to have ratified such a sale by her said act. 28 An. 758.

2. A married woman cannot ratify any act of hers, done during marriage, until the marriage is dissolved 34 An. 288.

Broussard vs. LeBlanc, Sheriff, et als.

3. Defendants, having knowledge of the possession of vendor, which is a badge of simulation, were bound to take notice and inquire whose property it was. 30 An. 1024.

### ON THE MERITS.

1. The sale of the wife's separate property for the purpose of securing the husband's debt is forbidden by law, and, therefore, null. R. C. C. 2398; 33 An. 1009; 34 An. 630; 42 An. 950.

2. One can not have the use and enjoyment of a tract of land without being in possession. Trans , p. 2.

3. A married woman may enjoin the execution of a judgment and the sale of her separate land thereunder. 30 An. 1021; 39 An. 600.

4. Plaintiff was the pretended vendor, and she was in possession, to the knowledge of defendants (Trans., pp. 16, 18) after the sale. Therefore the sale was a simulation. C. C. 2480; 36 An. 284; 40 An. 310.

5. Although the sale purports to be a cash sale, it is proven that neither the note nor the cash was ever given to the vendor therein, or to any one for her. Therefore it was a sale without a price (Trans., pp. 15 and 16), and null. 5 R. 101; 1 An. 192; 36 An. 284.

6. A party who signs an act of whose contents she was ignorant at the time, and who was ignorant of her rights in the premises, is not bound by such a con- tract. R. C. C. 1797, 1819.

7. The sale being an absolute nullity (42 An 950; 33 An. 1009; 34 An. 635), the peti- tioner is the only true and lawful owner of the tract of land in dispute, and she is entitled to have the injunction issued herein made perpetual against defend ants and the sheriff.

8. A woman can not ratify any of her acts, during marriage. 34 An. 288; Brief of Appellant.

---

### *White & Broussard* for Defendant and Appellee:

1. A party's right of action is to be tested by the grounds as set forth in his plead- ings.

2. Articles 2397 and 2398 C. C. are independent the one of the other, and neither exercises any control over the other. 41 An. 711.

3. The prohibition contained in the latter article, which forbids the wife to bind herself or her property for her husband's debts, does not restrain her from alienating her paraphernal property, even though the consideration of the sale be a debt of the husband. 6 An. 455; 41 An. 711.

---

The opinion of the court was delivered by

WATKINS, J. Plaintiff, a married woman, claiming ownership of the property in dispute, in her own paraphernal right, accompanied with possession, seeks to restrain the defendants from making a forced sale thereof, under an execution against one Joseph S. Nunez, in whom there is an apparent outstanding title.

An exception of no cause of action was filed, and, by consent of

parties, it was referred to the merits to be tried therewith, though judgment was to be separately rendered thereon.

Judgment was thus rendered, the exception sustained and the suit dismissed; and it is from that judgment the plaintiff has appealed.

The sole question we have to consider is, the adequacy of averment in the plaintiff's petition, if proved, to sustain a judgment.

First, averring her husband's paraphernal indebtedness to her, her judgment against him on that account, accompanied by a judicial decree of separation of property, and the satisfaction of the money decree by the seizure and adjudication to her in 1868 of the property in suit, she further avers:

" That in November, 1872, her husband, Demosthenes Nunez, being personally indebted to J.-S. Nunez    *    *    *    to the amount of $800, and for the sole purpose of securing this debt of his, caused her to sign a document of whose contents she was ignorant at the time; that she now finds that this document pretends to be a sale of the above described lands to J. S. Nunez; that she never received a cent from J. S. Nunez for or on account of said pretended sale; that she signed it through ignorance of its contents, and of her rights in the premises; that said sale is simulated, fraudulent and void, being nothing more than an attempt to deprive petitioner of her paraphernal property to pay the debts of her husband, in direct violation of a prohibitory statute, R. C. C. 2398; that said sale being absolutely null and void, said Nunez has neither right nor title in and to the tract of lands described, and that petitioner is the sole and lawful owner thereof."

These are the allegations, the sufficiency of which is questioned by defendants' exception, an exception to which the judge a quo sustained.

The theory entertained by defendants' counsel is, that the controlling and substantial allegations treat the transaction between Joseph S. Nunez and the plaintiff as a sale, and that it is irrevocable and valid under the principles of law which are announced in Morrow vs. Godcheaux, 41 An. 711; and this is, doubtless, the view which was entertained by the District Judge. In entertaining this view, we are of opinion that our learned brother of the lower court has fallen into error, because a careful analysis of the plaintiffs' averments do not justify the conclusions of defendants' counsel, or the court below.

Broussard vs. LeBlanc, Sheriff, et als.

To begin with, the averment is made that, "for the sole purpose of *securing this debt* of his (her husband) *caused* her to sign a document of whose contents she was ignorant at the time; that she now finds that this document *pretends* to be a sale." This averment is followed by the further statement that there was no cause or consideration therefor, so far as she was concerned, she not having "received a single cent from Nunez for or on account of said *pretended* sale." She further declares "that said sale is simulated, fraudulent and void, *being nothing more than an attempt to deprive petitioner of her paraphernal property to pay the debts of her husband, in direct violation of a prohibitory statute.*" Then follows the concluding averment, "that said sale being absolutely null and void, said Nunez has neither right nor title in, and to the tract of land described, and that petitioner is the sole and lawful owner thereof."

To our thinking, plaintiff's allegations distinctly disavow anything like a sale of the paraphernal property to Nunez, in *payment* of her husband's debt to him, in whole or in part; and they declare, emphatically, that her husband *caused* her to sign the document in question, for the sole purpose of *securing* the debt her husband owed Nunez."

To sustain the defendant's exception of no cause of action, on the theory of Morrow vs. Godcheaux, the averments of plaintiff should have stated *such a case as we found that to be;* not such a case as the plaintiff's was *alleged* to be. Referring to that case, we find that the plaintiff had executed an act of sale to the defendant, freely and without any marital influence, or restraint; and that, of the total consideration of $3000, she received $2550 in her own hands, and authorized the expenditure of the residue of $450 for her husband's account. Under this state of facts, we held the sale valid, and said that Articles 2397 and 2398 of Revised Civil Code contained no prohibition against *such a sale as that.* But the plaintiff in this case does not state such a case as we found that to be. While they are somewhat inartificially drawn, plaintiff's allegations substantially show the document she executed in favor of Nunez to be of hypothecary or pignorative character, and, considered as such a contract, the case comes clearly within the principle of Krouse vs. Neal, 42 An. 951.

It is, therefore, clear that the exception of no cause of action was improperly sustained. But, notwithstanding the case was tried on

its merits, there was no judgment rendered on the merits, and the plaintiff's appeal does not bring up the merits for review; hence, the only judgment we are competent to render is one reversing the judgment sustaining the defendant's exception.

It is, therefore, ordered and decreed that the judgment appealed from be annulled and reversed; and it is now ordered and decreed that the cause be remanded and reinstated for a trial on the merits, in conformity with the views herein expressed.